UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **PRESTON WADE RUSSELL,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 5:14-cv-02317-RDP |
| **DEPUTY PHILLIP C. SAIN, et al.,** | } |
| **Defendants.** | } |

**MEMORANDUM OPINION**

I.   **Introduction and Background**

Plaintiff filed his Complaint *pro se* seeking money damages and injunctive relief under 42 U.S.C. § 1983. He alleges that his civil rights were violated by Defendants. (Doc. # 1). More specifically, he seeks money damages for alleged excessive force by Defendants Morgan County Sheriff Deputy Phillip C. Sain and former Morgan County Reserve Deputy Justin T. Nau. (*Id.*).

On August 28, 2015, Defendants filed a Special Report which was supplemented by affidavits and other evidentiary materials. (Doc. # 19). Plaintiff submitted a "Declaration in Opposition to Defendant's [sic] Motion for Summary Judgment" as a response. (Doc. # 20). The Magistrate Judge notified the parties on February 8, 2016, that the court construed the Special Report as a summary judgment motion, and further notified Plaintiff he had twenty-one (21) days to respond by filing a response, affidavits, and/or other evidence. (Doc. # 21). Plaintiff filed a letter on February 12, 2016, stating that his previously filed Declaration (Doc. # 20) is his response. (Doc. # 23).

On June 29, 2016, the Magistrate Judge entered a Report and Recommendation. (Doc. # 25). The Magistrate Judge recommended Defendants' Motion be granted and this case be

dismissed. (*Id.*). The parties were allowed therein fourteen (14) days in which to file objections to the Report and Recommendation. (*Id.*). On July 12, 2016, Plaintiff filed objections. (Doc. # 26).

## II.     Standard of Review

In reviewing a Magistrate Judge's Report and Recommendation, a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Shultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (other citations omitted). "The district judge must 'give fresh consideration to those issues to which specific objection has been made by a party.'" *King v. Ferguson Enters., Inc.*, 971 F. Supp. 2d 1200, 1205 (N.D. Ga. 2013) (quoting *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990)). Absent objection, a district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C), and need only be satisfied that no clear error exists on the face of the record. *Smith v. E-Backgroundchecks.com, Inc.*, 81 F. Supp. 3d 1342, 1346 (N.D. Ga. 2015) (citation omitted); *see also* Fed. R. Civ. P. 72.

## III.    Plaintiff's Objections

Plaintiff objects that his case should not be dismissed without giving him a chance to amend or supplement his Complaint because he is "an unschooled *pro-se* plaintiff with no legal training." (Doc. # 26 at p. 2). As a general rule, the Eleventh Circuit has held that in those cases where a more carefully drafted complaint might state a claim, a *pro se* plaintiff "must be given at

least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*).[1]

Plaintiff admits he "did not respond properly to several orders," but claims he "attempted to correct the errors which led to the [Magistrate] Judge's [recommending] dismissal" by sending a letter to the Clerk of the Court on June 13, 2016. (Doc. # 26 at pp. 2-4). According to Plaintiff, that letter (a copy of which was attached to his Objections) was prepared by and with "a fellow inmate". (*Id.* at p. 2; *see id.* at pp. 5-8). Plaintiff asserts that the "letter addresses [Plaintiff's] incomplete responses, inability to gather evidence, and need to properly respond to the courts [sic] order," but complains that the court did not respond. (*Id.* at p. 3). Plaintiff also states that an Application for Appointment of Counsel with an affidavit from his fellow inmate was included in the letter. (*Id.*). Neither the letter nor a fellow inmate's affidavit is reflected on the court docket.[2] Plaintiff's Application is found there. (Doc. # 24).

---

[1] In *Wagner*, the *en banc* court overruled *Bank* with respect to a legal proposition not at issue here. The *Wagner* court clarified that "[a] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner*, 314 F.3d at 542. However, *Wagner* recognized that it "intimate[d] nothing about a party proceeding *pro se*." *Id.* at 542 n.1. The Eleventh Circuit has since indicated that the *pro se* rule remains unchanged by *Wagner*. *See Johnson v. Boyd*, 568 Fed. Appx. 719, 723 (11th Cir. 2014).

[2] Plaintiff is not prejudiced by this fact. Plaintiff is proceeding *pro se*, and there is no indication that his fellow inmate is licensed to practice law. In the federal courts, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. With only a few limited exceptions, a non-attorney may not represent any other person in proceedings in federal court. *See Hand v. Bibeault*, 400 Fed. Appx. 526, 528-29 (11th Cir. 2010) (*per curiam*); *Tate-Gates v. Clarke Cty. Health Care Auth.*, No. 14-cv-174, 2014 WL 3656353, at *1 (S.D. Ala. July 22, 2014); *see also Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (*per curiam*) (noting narrow exception and holding "[t]here is no constitutional guarantee that non-attorneys may represent other people in litigation"). "The right of self-representation only exists for the *pro se* plaintiff and does not include the right to represent others on a *pro se* basis." *Tate-Gates*, 2014 WL 3656353, at *1 n. 1 (citing *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)) (additional citation omitted). Thus, even if Plaintiff had forwarded to the Clerk of the Court a letter and affidavit prepared by and with Plaintiff's fellow inmate, those materials would constitute non-attorney representation.

**IV.     Any Amended Complaint in this Case Would Be Futile**

The Eleventh Circuit has identified two circumstances in which a district court need not grant leave to amend under *Bank*: "(1) where the plaintiff has indicated that he does not wish to amend his complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile." *Johnson v. Boyd*, 568 Fed. Appx. 719, 723 (11th Cir. 2014) (internal citations omitted). After *de novo* review, the court determines that this exception applies here. Plaintiff has been given a chance to amend but declined to do so. Moreover, any amendment to his complaint that Plaintiff could proffer would be futile.

**A.     Plaintiff Has Had a Full and Fair Opportunity to File an Amendment to His Complaint**

This case was filed in December 2014 and has now advanced to the summary disposition stage. Plaintiff has had ample opportunity to amend his pleadings. Indeed, it was only after receiving the Report and Recommendation that Plaintiff has belatedly indicated that he wishes to amend his pleadings. This is not a case where the court has concluded that Plaintiff's pleadings are deficient. The question presented is whether Plaintiff's claims are due to be dismissed on summary judgment.

**B.     The Record Evidence Demonstrates Futility**

In any event, even if Plaintiff had amended his Complaint along the lines he has suggested, the record evidence in support of Defendants' Motion for Summary Judgment (*see* Doc. # 19) demonstrates such an amendment would be futile. As the Magistrate Judge wrote in the Report and Recommendation:

> Although the initial complaint contains allegations of additional force used on that occasion, the plaintiff makes no effort to specifically address the detailed testimony offered by the defendants. Instead, in his response to the defendants' motion for summary judgment, he concentrates his efforts on the singular issue of whether or not his vehicle actually rolled over at the conclusion of the high-speed

4

chase. In light of his failure to adequately refute the defendants' testimony that he was involved in an accident (of some sort) at the end of the chase, or that the laceration on his forehead was evident at the time they initially reached him on foot, the particulars of the vehicle accident become immaterial for purposes of this review. . . . [I]n this instance, the plaintiff's complaint is contradicted by the unequivocal testimony in the defendants' affidavits and by the contemporaneous medical record which indicates the plaintiff's injury was the result of a car wreck—a statement attributed to the plaintiff himself on the day of the incident.

(Doc. # 25 at p. 10). And as the Eleventh Circuit has observed:

When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial. . . . Although we must view factual inferences favorable toward the nonmoving party and *pro se* complaints are entitled to a liberal interpretation by the courts, we hold that a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment.[3]

*Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) (citations omitted). The facts gleaned from the affidavits and evidentiary submissions in Defendants' Motion, and Plaintiff's failure to show there is a genuine issue of material fact, indicate that the allegations in Plaintiff's Complaint could not be saved by amendment.[4]

---

[3] Plaintiff acknowledged that he understood his obligation to litigate the case he initiated even though he is proceeding *pro se*. (Doc. # 24 at p. 3). That obligation carries it with the burden that he "demonstrate that there is a genuine issue of material fact in order to escape summary judgment." *Ebanks v. Samsung Telecomms. Am., LLP*, -- Fed. Appx. -- , 2016 WL 3553143, at *1-2 (11th Cir. June 30, 2016) (*per curiam*) (describing obligations of *pro se* litigants). "Even though []he has been proceeding *pro se*, [Plaintiff] was obligated to gather sufficient evidence . . . to demonstrate to the court that there was a genuine issue of material fact in order to escape summary judgment." *Id.* at *2 (citing *Brown*, 906 F.2d at 670). Prior to entering the Report and Recommendation, the Magistrate Judge put Plaintiff on notice of his summary judgment obligations. (*See* Doc. # 21); *see also Ebanks*, 2016 WL 3553143, at *2 ("Prior to issuing summary judgment, the district court put Ebanks on notice of what her obligations were, and Ebanks still failed to produce any expert witnesses."). Plaintiff informed the court that his Declaration was his response to Defendants' Motion. (Doc. # 23). He did not request leave to amend his Complaint.

[4] The factual allegations in an amended complaint, like those in an initial complaint, must "have evidentiary support…." Fed. R. Civ. P. 11(b)(3). Plaintiff was, of course, free to submit evidentiary support of his claims. Indeed, the Magistrate Judge expressly informed Plaintiff of the means of requesting additional time to oppose summary judgment. (*See* Doc. # 21).

### C.     Defendants Are Immune from Suit

There is another reason (not expressly addressed by the Magistrate Judge) that demonstrates the futility of Plaintiff amending his Complaint: Defendants are immune from suit. Again, Plaintiff brought his case pursuant to 42 U.S.C. § 1983. And Defendants were sheriff deputies at the time of his arrest. (*See* Docs. # 1, 19).

To state a claim for relief under 42 U.S.C. § 1983, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). In Alabama, although the "Alabama Constitution does not designate deputy sheriffs as members of the executive department or as state agents," sheriff deputies are "legally an extension of the sheriff." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525-26 (11th Cir. 1990). And, because Alabama sheriffs are state officials clothed with the authority of state law, *see id.* at 1525, deputies similarly hold that same authority. *See id.* at 1525-26.

#### 1.  Defendants Have Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution insulates a state from suit in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity.[5]  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). "Lawsuits against a state official in his or her official capacity are suits against the state when 'the state is the real, substantial party in interest.'" *Carr*, 916 F.2d at 1524 (quoting *Halderman*,

---

[5] Although Defendants did not raise it, and the Magistrate Judge did not address it, the Eleventh Amendment implicates a federal court's subject matter jurisdiction. *See, e.g.*, *Garrett v. Talladega Cty. Drug & Violent Crime Task Force*, 983 F. Supp. 2d 1369, 1373 (N.D. Ala. 2013) (citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)). A federal court has a continuing duty to inquire into the issue of subject matter jurisdiction whenever it appears jurisdiction may be lacking. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted). When subject matter jurisdiction over a case is lacking, the court must dismiss that case. *See id.*

465 U.S. at 101). Thus, "[a] state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity . . . or Congress has abrogated the state's immunity." *Lancaster v. Monroe Cty., Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997) (internal citations omitted). "Alabama has not waived its Eleventh Amendment immunity . . . and Congress has not abrogated Alabama's immunity." *Id.* (internal citations omitted). In Alabama, "a sheriff is an executive officer of the state of Alabama, and thus is immune from lawsuits under the state constitution, except for [certain] injunctive actions . . . ." *Carr*, 916 F.2d at 1525 (citing *Parker v. Amerson*, 519 So. 2d 442, 443 (Ala.1987)). Because a deputy is a general agent of the sheriff and considered a legal extension of the sheriff, Alabama deputies also enjoy this immunity. *Carr*, 916 F.2d at 1526. As Alabama deputies, Defendants have sovereign immunity under the Eleventh Amendment with respect to money damages claims brought against them in their official capacities. *See id.*

### 2. Defendants Are Entitled To Qualified Immunity

Furthermore, Defendants raised in their Motion the defense of qualified immunity. (Doc. # 19 at ¶¶ 37-39). "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It "is intended to 'allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Brown v. City of Huntsville*, 608 F.3d 724, 733 (11th Cir. 2010) (hereinafter, "*Brown*") (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir.

2002)).  Thus, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed."  *Harlow*, 457 U.S. at 818.

The Eleventh Circuit has instructed courts to utilize a multi-step, burden-shifting analysis to determine if an official is entitled to qualified immunity.  Accordingly, in order for Defendants to establish that they are entitled to qualified immunity, they "must first prove that [they were] acting within the scope of [their] discretionary authority when the allegedly wrongful acts occurred."  *Penley v. Eslinger*, 605 F.3d 843, 849 (11th Cir. 2010) (citation omitted).  "Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate."  *Id.*  To determine whether Plaintiff has met his burden, "[t]he threshold inquiry . . . is whether [P]laintiff's allegations, if true, establish a constitutional violation."  *Id.* (quoting *Hope v. Pelzer*, 536 U.S. 730, 736 (2002) (in turn citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001))).  Additionally, Plaintiff may defeat qualified immunity by showing that clearly established law dictates, "that is, truly compel[s] (not just suggest[s] or allow[s] or raise[s] a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances."  *Sanders v. Howze*, 177 F.3d 1245, 1250 (11th Cir. 1999) (citations and quotations omitted).

Whether an official's actions fall within the scope of discretionary authority is a two-fold inquiry: (1) the government employee must be "performing a legitimate job-related function," (2) "through means that were within his power to utilize."  *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004) (citation omitted).  "The inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act."  *Harbert Intl., Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998) (citations omitted).  Because "[a]rrests and

attempted arrests are classified as discretionary functions," Defendants were acting within the scope of their discretionary authority. *Telfare v. City of Huntsville*, 841 So.2d 1222, 1228 (Ala. 2002); *Exford v. City of Montgomery*, 887 F. Supp. 2d 1210, 1221 (M.D. Ala. 2012).

Although Plaintiff has alleged Defendants used excessive force when arresting him (Doc. # 1), he has not come forward with any substantial evidence to support that allegation. "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Brown*, 608 F.3d at 737 (quoting *Lee*, 284 F.3d at 1197 (in turn citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). But "'Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" *Id.* (quoting *Lee*, 284 F.3d at 1197 (in turn quoting *Graham*, 490 U.S. at 396)); *see also Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002) ("In the Eleventh Circuit, we recognize that the typical arrest involves some force and injury.").

"'[I]n determining if force was reasonable [and therefore not excessive], courts must examine (1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted.'" *Hawkins v. Carmean*, 562 Fed. Appx. 740, 743 (11th Cir. 2014) (*per curiam*) (quoting *Draper v. Reynolds*, 369 F.3d 1270, 1277-78 (11th Cir. 2004) (in turn quoting *Lee*, 284 F.3d at 1198)). A court must look to the "totality of the circumstances" and assess the use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Applying Eleventh Circuit case law to the undisputed facts in this record, the court concludes it is undisputed that Defendants did not utilize excessive force or a "gratuitous use of force" during Plaintiff's arrest. *Brown*, 608 F.3d at 738 (citation omitted). That is, Plaintiff's

9

allegations of excessive force are undermined by the undisputed factual evidence offered by Defendants, which show that the only force used was (1) when Defendant Sain placed a knee on Plaintiff's back between his shoulder blades and applied handcuffs, and (2) when Defendants helped Plaintiff to his feet and took him to the back seat of their patrol car. (*See* Doc. # 19-1 at p. 3); (*see also* Doc. # 25 at p. 6). Such force is reasonably exercised during making an arrest. Therefore, the Rule 56 record demonstrates that Defendants are entitled to qualified immunity. Because Defendants are immune from suit by Plaintiff, any amendment to the Complaint would be futile.

## V.     Conclusion

After careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections thereto, the court hereby **OVERRULES** Plaintiff's objections and **ADOPTS** the Report of the Magistrate Judge. The court further **ACCEPTS** the recommendations of the Magistrate Judge that Defendants' Motion for Summary Judgment (Doc. # 22) be granted.

A separate order in accordance with the Memorandum Opinion will be entered.

**DONE** and **ORDERED** this August 4, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE